The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications.
The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties in an executed Pre-Trial Agreement, as
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter of this claim. The parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff-employee at all relevant times herein.
3. Defendant-employer is an approved self-insured with Trigon Administrators, Inc., acting as its administrating agent.
4. Plaintiff's average weekly wage at the time of the asserted incident was $457.51.
5. The issues to be determined by the Commission are as follows:
 (a) Whether plaintiff developed an occupational disease as a result of her employment with defendant-employer?
 (b) If so, what, if any, benefits is plaintiff entitled to receive as a result of the occupational disease?
 ***********
These stipulations, along with their attachments, are hereby incorporated by reference as though fully set out herein.
 ***********
Based upon all of the competent, credible, and convincing evidence adduced at the initial hearing and from the record, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was a thirty-three year old woman. She had completed high school and had completed some course work at the community college.
2. Plaintiff was employed by defendant-employer as a unit secretary. In this position plaintiff was required to enter data on a computer, assist doctors and nurses, work as a receptionist, answer the telephone, make files, sort pharmacy slips, copy, and perform courier services with the hospital.
3. In April of 1994, plaintiff's hands, fingers, arms and wrists began to hurt and go numb. She reported this to her supervisor, and she was sent to the hospital emergency room.
4. Plaintiff's condition was diagnosed as bilateral carpal tunnel syndrome and right shoulder bursitis.
5. There was no competent, credible, or convincing expert medical evidence offered as to the cause of plaintiff's bilateral carpal tunnel syndrome and right shoulder bursitis; nor was there any competent, credible, or convincing evidence offered as to whether plaintiff was placed at an increased risk, whether plaintiff's position was one which was characteristic of persons engaged in the particular trade or occupation in which the claimant was engaged, or whether plaintiff's condition was an ordinary disease of life to which the general public is equally exposed.
6. Plaintiff offered no competent, credible or convincing evidence of an accident or specific incident in which she sustained any injury while in the course and scope of her employment with defendant-employer.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff has failed to sufficiently prove by the greater weight of the competent, credible, and convincing evidence that any condition from which she suffers is characteristic of and peculiar to her employment with defendant-employer, that it is not an ordinary disease of life to which the general public is equally exposed, or that she was placed at an increased risk of developing the occupational disease of which she complains. Further, she has failed to sufficiently prove a causal connection between her disease and her employment with defendant-employer. G.S. § 97-53(13).
3. Plaintiff has failed to sufficiently prove by the greater weight of the competent, credible, and convincing evidence that she is entitled to recover any workers' compensation benefits in this matter. G.S. § 97-52.
 ***********
The foregoing findings of fact and conclusions of law, engender the following
 ORDER
1. Plaintiff's claim for benefits under the Workers' Compensation Act must under the law be and the same is HEREBY DENIED.
2. Each side shall bear its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of __________, 1999.
 S/_________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ BERNADINE S. BALLANCE COMMISSIONER